**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Tramaine Edward Martin,** | **CASE NO. 1:17 CV 120** |
| **Petitioner,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Edward Sheldon, Warden** | |
| **Respondent.** | |

## INTRODUCTION

*Pro se* Petitioner Tramaine Edward Martin filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is a pretrial detainee, awaiting trial in the Cuyahoga County Jail on charges of rape, attempted rape, gross sexual imposition and kidnaping. In his Petition, he asserts four basic claims: (1) the trial court denied his request to represent himself; (2) he was arrested in the City of Cleveland on a defective warrant from Cleveland Heights; (3) because the warrant was defective, he should not have been indicted; and (4) because he should not have been indicted, any bail or conditions of release are excessive. For the reasons set forth below, the Petition is denied and this action is dismissed.

## BACKGROUND

Ten-year old K.B. reported that Petitioner engaged in sexual activity with her between December 2, 2016 and December 4, 2016. Cleveland Heights Municipal Court Judge A. Deane

Buchanan signed a warrant for Petitioner's arrest on December 4, 2016. Petitioner contends Cleveland Heights police "pinged" his cellular telephone to pinpoint his location after notifying him that he was wanted for questioning. He states he agreed to come to the police station later that day, December 5, 2016, unaware that a warrant had been issued for his arrest. He contends police officers followed him from a job site in Cleveland to the Home Depot on East 200th Street in Cleveland, where they arrested him. He asserts that the warrant was not signed by a neutral magistrate because he and Judge Buchanan "have a verified history of conflicts." (ECF No. 1 at 5). He also challenges technical aspects of the warrant.

Petitioner was bound over to the Cuyahoga County Court of Common Pleas where he was indicted on one count of rape, one count of attempted rape, two counts of gross sexual imposition and one count of kidnaping. *See State of Ohio v. Martin*, No. CR-16-612220-A (Cuyahoga Cty Ct. Comm. Pl. indict. filed Dec. 20, 2016). Those charges are still pending.

Petitioner filed this federal Habeas Petition under 28 U.S.C. § 2241 asking this Court to order the state to dismiss the charges against him and release him from custody. In addition to challenging the warrant that led to his arrest, he claims he is being denied the right of self-representation. He further indicates that because the warrant that led to his arrest was defective, his indictment should be dismissed. He further rationalizes that because his indictment should be dismissed, any bail posted for his release is excessive. He also objects to the conditions of supervised release, GPS monitoring, and the cash/surety/property bond requirement claiming it projects a presumption of guilt rather than a presumption of innocence.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a

state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Nevertheless, the Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The Court explained that:

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [The exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Id.*

Likewise, the Sixth Circuit observed that exercise of the Court's power under § 2241 should be limited:

> [A]lthough § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

Even when special circumstances dictate that the federal court should address the merits

of the Petition, the Petitioner must still exhaust his state court remedies before filing for habeas relief. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), with 28 U.S.C. § 2241. The Sixth Circuit recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). Even habeas petitioners proceeding under § 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)). The requirement of exhaustion "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546 (citations omitted).

Courts in this Circuit have distilled these doctrines into a rule that principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *Hawkins v. Thomas,* No. 3:16 CV 901, 2017 WL 85376, at *1-4 (M.D. Tenn. Jan. 10, 2017); *Brown v. Bolton*, No. 3:09 CV 513, 2010 WL 1408014 (W.D. Ky. April 1, 2010); *Moore v. Federspiel*, No. 2:09 CV 1267, 2009 WL 2170168, at *1 (E.D. Mich. July 20, 2009).

There are only two generally recognized claims that have been determined to present a special circumstance justifying pre-conviction intervention by a federal court in a § 2241 habeas

corpus proceeding: (1) double jeopardy-based allegations; and (2) denial of the right to a speedy trial. *See, e.g., Lowe v. Prindle*, No. 2:14-104-KKC, 2014 WL3695386, at *3-4 (E.D. Ky. July 24, 2014). Federal Courts distinguish between speedy trial claims based on the type of relief the Petitioner seeks. *Atkins*, 644 F.2d at 546. If the requested relief would dismiss a state court case on speedy trial grounds, the Federal Court should abstain from reaching a decision in recognition of comity considerations. *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043-44 (S.D. Ohio 2011). Where the Petitioner seeks an order requiring the state to bring him to trial promptly, the Court may consider the claim in a § 2241 Petition.

## **DISCUSSION**

This Court must abstain from addressing Petitioner's claims. He challenges the warrant that led to his arrest, the validity of the indictment, the trial court's decision to deny him the right to represent himself at trial, and the conditions of his release on bail. None of these claims fall within the recognized exceptions to abstention. All of them can be resolved by the state courts through state procedures available to the Petitioner. Petitioner must exhaust his available state court remedies, including trial and appeal to the highest court in the state. This Court must decline to interfere with the pending state criminal proceeding.

## **CONCLUSION**

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 5) is granted, his Motion for Preliminary Injunction (ECF No. 2) is denied, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/10/17